FAIRCHILD *et al. vs.* THE LIVERPOOL AND LONDON FIRE AND LIFE INSURANCE COMPANY.

A policy of insurance against fire purported to cover "merchandise hazardous, not hazardous, and extra hazardous, their own or held by them in trust or on commission or joint account; &c. in all or any of the brick or stone warehouses, and while *in transitu*, or on any of the streets, yards or wharves in the cities of New York, Brooklyn or Jersy City, and unless under the protection of a marine policy, subject to average clause annexed." To this policy was annexed this provision: "It is at the same time agreed that if any specific parcel of goods included in the terms of this policy, or such goods in any specified building or buildings, place or places, within the limits of this insurance, shall, at the time of any fire, be insured in this or any other office, this policy shall not extend to cover the same, excepting only so far as relates to any excess of value beyond the amount of such specific insurance or insurances, which said excess is declared to be under the protection of this policy and subject to average as aforesaid."

The fire occurred at one of the places where the insured had merchandise, to the value of $386,026. They had a specific insurance on the goods in that store to $324,000. The loss and damage occasioned by the fire was $274,192. In an action upon the policy, to recover of the insurers a *pro rata* amount of the loss in proportion to the amount insured;

*Held* that the true interpretation of the policy was that if a loss occurred, and the specific insurance exceeded the loss, the party insured was protected thereby, and had no claim under the general policy. That if the specific insurance fell short of the loss, the insured might recover on the general policy, for such excess.

*Held, also,* that the fact that the whole loss was covered by, and to be paid by, the specific insurance, established a defense, under the policy, that there was no loss chargeable thereon.

Fairchild *v.* Liverpool and London Fire and Life Ins. Co.

THIS action is brought to recover on a policy of insurance against fire, which purports to cover "merchandise, hazardous, not hazardous and extra hazardous, their own or held by them in trust or on commission or joint account, &c. in all or any of the brick or stone warehouses, and while in transitu or on any of the streets, yards or wharves in the cities of New York, Brooklyn or Jersey City, and unless under the protection of a marine policy, subject to average clause annexed."

To this policy was annexed this provision : "It is at the same time agreed, that if any specified parcel of goods included in the terms of this policy, or such goods in any specified building or buildings, place or places, within the limits of this insurance, shall at the time of any fire, be insured in this or any other office, this policy shall not extend to cover the same, excepting only as far as relates to any excess of value beyond the amount of such specified insurance or insurances, which said excess is declared to be under the protection of this policy and subject to average as aforesaid."

The fire occurred at 146 Duane street, which was one of the places where the plaintiffs had merchandise to the value of $386,026. The plaintiffs had a specific insurance on the goods in that store to $324,000. The loss and damage occasioned by the fire was $274,192.

The plaintiffs seek to recover from the defendants a *pro rata* amount of the loss in proportion to the amount insured. The defense is that the defendants are only liable for the amount of the loss sustained over and above the specific insurance.

Upon the trial of the cause the justice at special term dismissed the complaint, from which the plaintiffs appealed.

*Daniel Lord*, for the appellants.

*Samuel E. Lyon*, for the respondent.

*By the Court,* INGRAHAM, J.   The first question in this case is whether the policy in suit covers the same property as that of other policies.   If it does not, then the rule as to *pro rata* payment between insurers where the loss is less than the amount insured does not apply.   The specific policy covered all the merchandise in the store where the fire took place, and did not cover any other property.

The general policy of the defendants excepted from the benefits of that insurance all goods that were specifically insured, and limited the liablity of the defendants to the excess of value beyond the amount of specific insurance.

I think it is clear that these policies do not cover the same property.   The specific policy covers all the goods to the amount of $324,000, and the general policy does not cover that amount at all, but only the excess over that amount.   It is clear that the holders of the specific policy would have no right to claim any abatement from the loss on account of other insurances on the property as contained in their general policy, even if the amount insured had been much above the actual value of the property, because the policies do not cover the same property, and the clause in the policies on that subject does not apply.

The other question is whether the plaintiffs have sustained any loss in the property covered by this general policy for which they can recover; and the answer to that question depends on the answer to the question whether there is any liability for damage under the general policy until the amount of specific insurances is deducted from the loss, and a deficiency exists to make the plaintiffs good.

I think it must be conceded that the specific insurer is liable for the whole loss, in the present case.   The amount of loss is less than the amount of the insurance.   The property is not covered by any other policy, and, to the amount of loss, the plaintiff can claim under his policy, for indemnity.   The specific policy covers all the property to a particular amount.   The general policy does not cover that property,

Fairchild *v.* London and Liverpool Fire and Life Ins. Co.

but covers the excess to a particular sum, called the excess of value. How is that excess of value to be ascertained? By finding what is specifically insured, and deducting that from the whole value.

It seems to me the difficulty in the plaintiffs' case arises from the fact that there is no damage which they can claim under this policy. They can only claim for an actual loss. No such loss exists, because the specific insurance is more than enough to make good the loss, and the specific insurers are bound to do so. If after the settlement of those policies, any loss remains, it can be recovered. If there be no loss, I can see no liability of the defendants under the general policy.

It is worthy of remark that this general policy is not upon the excess of property over the specific insurance, but the excess of value above the amount of specific insurance. The specific insurance gives a fixed sum. The actual value of the merchandise gives a fixed sum. The general policy only covers the balance after deducting the whole amount of specific insurance, and I think only applies an indemnity where the loss exceeds the specific insurance.

The true interpretation of this policy seems to be, if a loss occurs, and the specific insurance exceeds the loss, the party insured is protected thereby and has no claim under the general policy. If the specific insurance fall short of the loss, the insured may recover on the general policy for such excess.

The questions raised are novel, and we have no adjudications on this subject to aid in its decision, but I think the fact that the whole loss is covered by, and to be paid by, the specific insurance, establishes a defense under the policy in question that there is no loss chargeable thereon.

The judgment should be affirmed, with costs.

[NEW YORK GENERAL TERM, April 1, 1867. *Leonard, Sutherland* and *Ingraham,* Justices.]